UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, BENEDETTO UMBRA, JOSEPH
A. FERRARA, SR., FRANK H. FINKEL, **ADOPTION ORDER**
MARC HERBST, DENISE RICHARDSON, 13-cv-6171 (ADS)(AKT)
AND THOMAS F. CORBETT, as Trustees and
Fiduciaries of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                Plaintiffs,

        -against-

BLUE JAY ESTATES DEVELOPMENT
CORP.,

                Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss & Simon, LLP**
*Attorneys for the Plaintiffs*
330 West 42nd Street
New York, NY 10036
    By: Tzvi N. Mackson, Esq.
       Joseph J. Vitale, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendant*

**SPATT, District Judge.**

      On November 7, 2013, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony

D'Aquila, Michael O'Toole, and Benedetto Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel,

Marc Herbst, Denise Richardson, Thomas F. Corbett, as Trustees and Fiduciaries ("Plaintiffs" or

"Trustees") of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, commenced this delinquent contributions action against Defendant Blue Jay Estates Development Corp. (the "Defendant") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), and Section 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2) and 1145. The Plaintiffs sought an order directing Blue Jay to pay any delinquencies due to Plaintiffs under the governing collective bargaining agreement.

On December 9, 2013, the Clerk of the Court noted the default of the Defendant. On March 31, 2014, the Plaintiffs moved for a default judgment. On April 10, 2014, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

On February 27, 2015, Judge Tomlinson issued a Report recommending that (1) default judgment be entered against the Defendant; (2) the Plaintiffs be awarded $1,179.77 in unpaid contributions pursuant to Audit #12-0018; (3) the Plaintiffs be awarded $83,555.35 in estimated contributions stemming from the failure to remit contributions and submit remittance reports for the weeks ending August 10, 2012, May 3, 2013, May 10, 2013, May 17, 2013, and May 24, 2013; (4) the Plaintiffs be awarded $16,040.70 in interest and that the Clerk's Office be directed to calculate the additional interest due to the Plaintiffs based on the per diem amount of $41.79, running from March 29, 2014 through the entry of judgment; (5) the Plaintiffs be awarded $19,141.18 in liquidated damages and that the Clerk's Office be directed to calculate the additional liquidated damages due to the Plaintiffs based on the per diem amount of $8.82,

running from March 29, 2014 through the entry of judgment; (6) the Plaintiffs be awarded $956.77 in audit fees; (7) the Plaintiffs be awarded $8,362.50 in attorneys' fees for litigating this action; and (8) the Plaintiffs be awarded $492.60 in costs incurred.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendant, which has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 27, 2015 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. C. Downing Enterprises LLC, No. 14-CV-323 (ADS)(AKT), 2015 WL 1042481, at *1 (E.D.N.Y. Mar. 10, 2015)(reviewing Report and Recommendation without objections for clear error).

Accordingly, the Court adopts Judge Tomlinson's February 27, 2015 Report and Recommendation in its entirety. The Court directs that (1) default judgment be entered against the Defendant; (2) the Plaintiffs be awarded $1,179.77 in unpaid contributions pursuant to Audit #12-0018; (3) the Plaintiffs be awarded $83,555.35 in estimated contributions stemming from the failure to remit contributions and submit remittance reports for the weeks ending August 10, 2012, May 3, 2013, May 10, 2013, May 17, 2013, and May 24, 2013; (4) the Plaintiffs be awarded $16,040.70 in interest and that the Clerk's Office be directed to calculate the additional interest due to the Plaintiffs based on the per diem amount of $41.79, running from March 29, 2014 through the entry of judgment; (5) the Plaintiffs be awarded $19,141.18 in liquidated damages and that the Clerk's Office be directed to calculate the additional liquidated damages due to the Plaintiffs based on the per diem amount of $8.82, running from March 29, 2014 through the entry of judgment; (6) the Plaintiffs be awarded $956.77 in audit fees; (7) the

Plaintiffs be awarded $8,362.50 in attorneys' fees for litigating this action; and (8) the Plaintiffs be awarded $492.60 in costs incurred. The Clerk of the Court is respectfully directed to enter judgment consistent with this Adoption Order and to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
March 18, 2015

                                                 *Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                              United States District Judge